IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAPOLEON STEPHANY,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2041 |
| ICC, *et al.*,<br>    Defendants. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                                                                                                                     **JUNE 2, 2021**

      Napoleon Stephany has filed a Complaint comprised of handwritten pages and the Court's standard form complaint for use by prisoners. (ECF No. 2.) Named as Defendants in the handwritten portion are "ICC" and ""Berks County Prison" and "Jail System." (*Id*. at 1.)[1] On the form, Stephany lists as Defendants "the Whole ICC in Berks County Jail System," which is named in its official capacity, and Nicole Samuels, J. Collins, Lt. Webber, who are named in their individual capacities. (ECF 2-1 at 2.) Stephany has also filed a Motion to proceed *in forma pauperis*. For the following reasons, the Court will grant the Motion and the case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**     **FACTUAL ALLEGATIONS**

      Stephany alleges in the handwritten portion of his submission that on December 14, 2020, he was told by non-defendant C.O. Gardner to go to a "POC Cell" because he was having suicidal thoughts and was walking around his cell naked. (ECF No. 2 at 1.) He believed aliens were breaking into the jail because he was hearing noises that made it seem like a war was happening. (*Id.*) Stephany also asserts that "they kept me in a blanket smock for about 2 weeks

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

and then finily [sic] the C.O. Dow gave me a regular smock." (*Id.* at 2.) On that day his cell was cleaned out and C.O. Dow gave him a piece of mail about his "Jewish bag." (*Id.*) He appears to assert that, after he was no longer suicidal, unnamed prison officials did not give him back his clothing. He told Defendant Nicole Samules he was doing well but "she or they kept me in a smock." (*Id.* at 2-3.) He alleges this action violated his Fourteenth Amendment rights. (*Id.* at 3.)

On the Complaint form, Stephany again asserts he was kept "naked in a smock blanket in cold cell for a month straight around or about." (ECF No. 2-1. at 4.) He alleges that "Samules was the only one that came up the other Defendants acted as Sup; Tina came up once." (*Id.*) He asserts inmates are only to be kept in a smock blanket for up to two or three days only. (*Id.* at 5.) He seeks $100 million in damages. (*Id.*)

## II. STANDARD OF REVIEW

Because it appears that Stephany cannot pay the filing fee, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Stephany is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands Stephany, a pretrial detainee, to be asserting Fourteenth Amendment claims against the named Defendants based on the conditions under which he has been confined at Berks County Prison. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Defendant Samuels

Stephany alleges that he told Defendant Nicole Samules that he was doing well after being placed in a smock blanket, but "she or they kept me in a smock." (ECF No. 2 at 2-3.) The Court interprets this allegation as attempting to allege a Fourteenth Amendment claim. The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was

3

sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution."). Furthermore, "[i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," courts are obligated to keep in mind that "such considerations are peculiarly within the province and professional expertise of corrections officials . . . ." *Stevenson*, 495 F.3d at 68 n.3.

Assuming that being kept in a smock rather than normal prison clothing is a sufficiently serious deprivation, Stephany does not allege sufficient facts to state a plausible claim that Samules engaged in "punishment" by keeping him in a smock following his incident of suicidal ideation. He does not allege that she acted with an express intent to punish him, or that keeping him in the smock was not rationally related to a legitimate non-punitive purpose. Indeed, it is not clear when Stephany had the conversation with Samuels and what role, if any, she played in determining the clothing that he did or did not receive. Accordingly, the claim against Samules must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Claims Against Other Named Defendants

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Other than Defendant Samules, Stephany does not allege any act by a named Defendant that states a plausible claim based on his conditions of confinement. While he asserts that he was required to wear a smock blanket for an extended period of time due to his suicidal ideation, he does not identify which, if any, named Defendants other than Samules was responsible for this act, and how being forced to wear the smock constituted punishment by those Defendants given that Stephany admits he was suicidal. Accordingly, the claims against the other named Defendants must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Official Capacity Claim and Claims Against Berks County Prison

Stephany has named Defendants "the Whole ICC in Berks County Jail System" in its official capacity," as well as "Berks County Prison" and "Jail System". To the extent this may be interpreted to mean that Stephany seeks to bring a § 1983 claim against Berks County Prison, that claim must be dismissed. The Berks County Prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

To the extent naming Defendants "the Whole ICC in Berks County Jail System," "ICC," "Berks County Prison" and "Jail System" was intended to assert a claim against Berks County, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an

5

agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)), the claim would still not be plausible. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Stephany has not alleged that a Berks County had a policy or custom that caused a constitutional violation.

## IV. CONCLUSION

Because Stephany has failed to allege a plausible claim against any named Defendant, his Complaint must be dismissed on screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court cannot say, however, that Stephany can never state a plausible § 1983 claim based upon the incident he describes in his Complaint. Accordingly, the Complaint will be dismissed without prejudice and Stephany will be granted leave to file an amended complaint if he is able to name an appropriate state actor defendant who was personally responsible for an alleged violation of his constitutional rights.

An appropriate Order follows.

**BY THE COURT:**

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**